**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                   :

**ORIX FINANCIAL SERVICES, INC.,**
**formerly known as ORIX CREDIT**
**ALLIANCE, INC.,**

               **Plaintiff,**

          **- against -**

**W. L. HOLMES,**

              **Defendant.**

-------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/07

**OPINION AND ORDER**

**06 Civ. 3476 (SAS)**

## I.    INTRODUCTION

ORIX Financial Services ("ORIX") brings this action against W.L.

Holmes for breach of contract.  ORIX claims it financed Holmes' purchase of a

fellerbuncher from Van Lott, Inc. ("Van Lott") and that the parties to the

transaction transferred to ORIX the contract of sale.  ORIX seeks to recover

money owed on that contract and now moves for summary judgment.  Holmes

claims that the contract is not binding because he was fraudulently induced to

enter into it by Van Lott.  In the alternative, Holmes argues that ORIX is bound to

its promise to abstain from suit.  Additionally, Holmes alleges that ORIX's suit is

1

time-barred.  For the reasons set forth below, ORIX's motion for summary

judgment is granted.

## II.    BACKGROUND

### A.    Facts

The following facts are clearly established.  Holmes is in the logging

business.[1]  In January 1998, he negotiated with Van Lott for the purchase of a

fellerbuncher, which Van Lott had used as a demonstration model prior to the

sale.[2]  On January 29, Holmes and Van Lott entered into a Conditional Sale

Contract Note (the "Agreement").[3]  Pursuant to the terms of the Agreement, Van

Lott retained a security interest in the fellerbuncher, which was transferred directly

to ORIX Credit Alliance, Inc. ("OCAI").[4]

Holmes fell behind on his payments.  In March 1999, Holmes and

OCAI entered into a modification of the Agreement extending the payment

---

[1]    *See* Defendant's Answer and Counter Claim ("Answer") ¶ 16.

[2]    *See id.* ¶¶ 15-16

[3]    *See* Plaintiff's Statement Pursuant to Rule 56.1 ("Pl. 56.1") ¶ 4.

[4]    *See id.* ¶¶ 5, 7.

period.[5]  Meanwhile, Holmes experienced trouble with the fellerbuncher.[6]  Despite

numerous attempts by Van Lott to fix the machine, Holmes remained dissatisfied

with its condition.[7]  In April 2000, Holmes sued Van Lott in South Carolina for

Van Lott's alleged misrepresentation of the nature and quality of the

fellerbuncher[8].

While the suit was pending, Holmes and OCAI discussed the

possibility of applying any proceeds from the action against Van Lott towards

Holmes' fellerbuncher account.[9]  However, the only reference to the Van Lott suit

in the instant case is a letter principally discussing other transactions between

Holmes and OCAI.[10]  On August 24, 2000, Holmes and OCAI entered into a

---

[5]      *See id.* ¶ 9.

[6]      *See* Answer ¶¶ 16-17.

[7]      *See* 12/28/04 Order Granting Summary Judgment to Van Lott, Inc.,
C/A No. 2000-CP-26-1488 ("Order Granting Summary Judgment"), Ex. to 5/3/07
Letter from Nicole M. Marlow, Van Lott's counsel, to the Court ("Marlow
Letter").

[8]      *See id.*

[9]      *See* 7/26/00 Letter from John R. Clarke, Holmes' counsel, to Jean
Claude DeGrave, Vice President of OCAI, ("Clarke Letter"), Ex. D to 3/26/07
Affidavit of W. L. Holmes.

[10]      *See id.*

3

second agreement to extend the payment schedule of the Agreement.[11]

In September 2000, OCAI changed its name to ORIX Financial

Services, and ORIX succeeded to all the rights and obligations of OCAI.[12]

Holmes continued to make payments to ORIX until September 2001.[13]  He then

made a single payment in 2003 after which he made no further payments.[14]  On

December 28, 2004, the court in South Carolina granted summary judgment in

favor of Van Lott.[15]  Holmes moved for reconsideration.  The court denied

Holmes' motion on April 11, 2007.[16]

## B.    Procedural Posture

On September 29, 2006, ORIX sued Holmes in federal court for

---

[11]     *See* Pl. 56.1 ¶ 9.

[12]     *See id.* ¶ 10.

[13]     *See* 1/4/07 Payment History ("Payment History"), Ex. 4 to 3/1/07
Affidavit of Yvonne Kalpakoff, Senior Vice President of ORIX, in Support of
Plaintiff's Motion for Summary Judgment Against Defendant.

[14]     *See id.*

[15]     *See* Order Granting Summary Judgment.

[16]     *See* 4/11/07 Order Denying Holmes' Motion for Reconsideration, Ex.
to Marlow Letter.

breach of contract.[17]  The parties had stipulated in the Agreement that New York

law would govern any action, with the exception of New York's choice of law

rules.  Holmes raised fraudulent inducement as his sole affirmative defense to

ORIX's claim for breach of contract.  ORIX now moves for summary judgment

arguing that Holmes waived all defenses as against ORIX, or, in the alternative,

ORIX is a holder in due course.  In his opposition to the motion, Holmes seeks

leave to amend his answer pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure to allege that ORIX violated its promise to abstain from suit until the

completion of the Van Lott suit.  He then cross-moved for summary judgment on

the ground that ORIX's suit is time barred by the four-year statute of limitation for

sales of goods.

## III.   APPLICABLE LAW

### A.   Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

---

[17]     The case was filed in the Southern District of New York based on diversity jurisdiction.

5

party is entitled to judgment as a matter of law."[18]  An issue of fact is genuine "'if

the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.'"[19]  A fact is material when it "'might affect the outcome of the

suit under the governing law.'"[20]  "It is the movant's burden to show that no

genuine factual dispute exists."[21]

        In turn, to defeat a motion for summary judgment, the non-moving

party must raise a genuine issue of material fact.  To do so, it must do more than

show that there is "'some metaphysical doubt as to the material facts,'"[22] and it

"'may not rely on conclusory allegations or unsubstantiated speculation.'"[23]

However, "'all that is required [from a non-moving party] is that sufficient

---

[18]     Fed. R. Civ. P. 56(c).

[19]     *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quoting *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998)).

[20]     *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (citing *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)).

[21]     *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[22]     *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[23]     *Jeffreys*, 426 F.3d at 554 (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2002)).

6

evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"[24]

        In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor.[25]  However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[26]  Summary judgment is therefore inappropriate "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."[27]

## B.    Breach of Contract

        To establish a claim for breach of contract under New York law, a party must prove "(1) a contract; (2) performance of the contract by one party; (3)

---

[24]    *McClellan*, 439 F.3d at 144 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

[25]    *See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

[26]    *McClellan*, 439 F.3d at 144 (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)).  *Accord Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

[27]    *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citing *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000)).

breach by the other party; and (4) damages."[28]   The party asserting a breach of

contract claim "has the burden of proving the material allegations in the complaint

by a fair preponderance of the evidence."[29]   In determining a party's obligations

under a contract, it is not for the court to "supply a specific obligation the parties

themselves did not spell out."[30]   "'[I]mpossibility excuses a party's performance

only when the destruction of the subject matter of the contract or the means of

performance makes performance objectively impossible.'"[31]

> If the language of the contract is ambiguous, New York law requires

the court to interpret a written contract "so as to give effect to the intention of the

parties as expressed in the unequivocal language they have employed."[32]

> When the question is the contract's proper construction, summary
> judgment may be granted when [the contract's] words convey a
> definite and precise meaning absent any ambiguity. . . . Contract

---

[28]   *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000)
(internal quotation and citation omitted).

[29]   *V.S. Int'l, S.A. v. Boyden World Corp.*, 862 F. Supp. 1188, 1195
(S.D.N.Y. 1994).

[30]   *Tonking v. Port Auth. of New York and New Jersey*, 3 N.Y.3d 486,
490 (2004).

[31]   *Ahlstrom Mach. v. Associated Airfreight, Inc.*, 675 N.Y.S.2d 161, 162
(3d Dep't 1998) (quoting *Kel Kim Corp. v. Central Markets, Inc.*, 70 N.Y.2d 900,
902 (1987)).

[32]   *Cruden v. Bank of New York*, 957 F.2d 961, 976 (2d Cir. 1992).

8

> language is ambiguous if it is capable of more than one meaning
> when viewed objectively by a reasonably intelligent person who
> has examined the context of the entire integrated agreement and
> who is cognizant of the customs, practices, usages, and
> terminology as generally understood in the particular trade or
> business.[33]

The language of a contract is not ambiguous, however, simply because the parties

urge different interpretations,[34] or if one party's view "strain[s] the contract

language beyond its reasonable and ordinary meaning."[35] "Ascertaining whether

the language of a contract is clear or ambiguous is a question of law to be decided

by the court."[36] Ambiguous language, however, should be "construed against the

interest of the drafting party."[37] When a provision of the contract is ambiguous,

the court may "consider extrinsic evidence such as the parties' course of conduct

throughout the life of the contract."[38]

---

[33]    *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 598 (2d Cir. 2005) (quotations and citations omitted).

[34]    *See id.*

[35]    *Id.* (quotations omitted).

[36]    *Lucente v. IBM*, 310 F.3d 243, 257 (2d Cir. 2002).

[37]    *Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003).

[38]    *New York State Law Officers Union v. Andreucci*, 433 F.3d 320, 332 (2d Cir. 2006).

9

## C.   Statute of Limitations

### 1.   Applicable State Statute of Limitations

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply New York choice-of-law rules and statutes of limitations."[39] Under New York's borrowing statute, where a non-resident plaintiff sues based upon a cause of action that accrued outside New York, the court must apply the shorter limitations period of either New York or the state where the cause of action accrued.[40] The borrowing statute requires a court to apply the limitation period of the foreign jurisdiction even if "jurisdiction is unobtainable over a defendant in the foreign jurisdiction."[41] New York courts interpreting the borrowing statute hold that the cause of action accrues in the place of the injury, and where the "'injury is purely economic, the place of injury is usually where the plaintiff resides and sustains the economic impact of the loss.'"[42]

---

[39]     *Stuart,* 158 F.3d at 626-27 (citing *Guaranty Trust Co. v. York,* 326 U.S. 99, 108-09 (1945); *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)).

[40]     *See* New York Civil Practice Law and Rules § 202 (McKinney 2006).

[41]     *Insurance Co. of North Am. v. ABB Power Generation, Inc.*, 91 N.Y.2d 180, 180 (1997).

[42]     *Cantor Fitzgerald Inc. v. Lutnick,* 313 F.3d 704, 710 (2d Cir. 2002) (quoting *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (1999)).

In borrowing a foreign statute of limitations, a court must apply all extensions and tolls that are applicable in that state. When a defendant attempts to use the statute of limitations as an affirmative defense, the defendant "bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued."[43] If defendant meets this burden, then the plaintiff has the burden to show that the limitations period should be tolled.[44] A motion to dismiss on the basis that a claim is time-barred "may only be granted when the allegations of the complaint make clear that the claim is barred by the limitations period."[45]

ORIX is incorporated in New York with a principal place of business in Georgia.[46] A company incorporated in the state is a nonresident for purposes of New York's borrowing statute if New York is not its principal place of business.[47]

---

[43]    *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995) (citing *Hoosac Valley Farmers Exch., Inc. v. AG Assets, Inc.*, 563 N.Y.S.2d 954, 955 (3d Dep't 1990)).

[44]    *See id.* (citing *Waters of Saratoga Springs, Inc. v. State*, 498 N.Y.S.2d 196, 199 (3d Dep't 1986)).

[45]    *Dutton v. Glass*, No. 04 Civ. 3496, 2005 WL 146503, at *1 (S.D.N.Y. Jan. 20, 2005) (internal quotation and citation omitted).

[46]    *See* Pl. 56.1 ¶ 1.

[47]    *See Investigative Group, Inc. v. Brooke Group Ltd.*, No. 95 Civ. 3919, 1997 WL 727484, at *3 (S.D.N.Y. Nov. 21, 1997) (citing *McMahan & Co. v.*

Although the Agreement does not require the Court to apply New York choice of law rules, the borrowing statute remains relevant because it is not a choice of law rule.[48]  Thus, the appropriate statute of limitations is the shorter of either the New York statute of limitations or the Georgia statute of limitations if (1) Georgia's limit is more restrictive and (2) ORIX felt the financial loss caused by the breach of contract most acutely in Georgia.

Both New York and Georgia have adopted the Uniform Commercial Code, which proscribes a four-year statute of limitations for transactions for the sale of goods.  Both states also have a six-year statute of limitations for contracts other than for the sale of goods.  Thus, this Court need not decide whether ORIX's cause of action accrued in Georgia or New York.  The dispositive issue is whether the Agreement is a contract for the sale of goods.

## 2.   Predominant Purpose

Under New York law, to determine whether a contract is for the sale of goods a court must ascertain the "main objective sought to be accomplished by

---

*Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 834 (S.D.N.Y. 1989)).

[48]      *See Global Fin. Corp.*, 93 N.Y.2d at 528.

the contracting parties."[49]  Contracts that provide for a sale of goods as well as for

other terms are indivisible.[50]  Every provision of such a contract is subject to the

statute of limitations applicable to the predominant purpose of the entire

transaction.[51]  Modifications to an initial agreement fall under the same statute of

limitations as the initial agreement.[52]

## D.     Collateral Estoppel

"[T]he preclusive effect of a state court determination in a subsequent

federal action is determined by the rules of the state where the prior action

occurred."[53]  Under South Carolina law, a party may be estopped from relitigating

an issue "actually and necessarily litigated and determined" by that party or one of

---

[49]     *Levin v. Hoffman Fuel Co.*, 462 N.Y.S.2d 195, 197 (1st Dep't 1983)
(citing *Ben Const. Co. v. Ventre*, 257 N.Y.S.2d 988 (4th Dep't 1965); *Perlmutter
v. Beth David Hospital*, 308 N.Y. 100 (1954); *Schenectady Steel Co. v. Bruno
Trimpoli Gen'l Const. Co.*, 350 N.Y.S.2d 920 (3d Dep't 1974), *aff'd,* 34 N.Y.2d
939 (1974)).

[50]     *See Perlmutter,* 308 N.Y. at 104. *See also* James J. White and Robert
S. Summers, Uniform Commercial Code 4-5 (4th ed. 1995) ("White and
Summers").

[51]     *See Perlmutter,* 308 N.Y. at 104. *See also* White and Summers at 4-5.

[52]     *See Wuhu Import & Export Corp. v. Capstone Capital,* 834 N.Y.S.2d
129, 130 (1st Dep't 2007).

[53]     *In re Gonzalez*, 241 B.R. 67, 73 (S.D.N.Y. 1999) (citing *State of New
York v. Sokol*, 113 F.3d 303, 306 (2d Cir. 1997)).

her privies in a prior action based upon a different claim.[54]

## IV.    DISCUSSION

### A.    ORIX's Contract Claim

There is no material factual dispute as to whether ORIX has fulfilled

the terms of the Agreement.  Neither side disputes that Holmes signed the

Agreement, received his fellerbuncher, and relied on the financial services

provided by ORIX.  Holmes does claim that he did not sign the second extension

agreement.[55]  However, this denial does not raise an issue of fact.  ORIX has

provided a copy of the contract bearing Holmes' signature and the financial

records indicating that Holmes made several payments pursuant to the second

extension agreement.  Holmes has also failed to raise an issue of fact as to whether

he breached the contract.  Far from claiming that he performed on the contract,

Holmes claims that he has no obligations under it due to his affirmative defense.

Finally, the Agreement conclusively establishes that ORIX is entitled to recover

the remaining balance on the fellerbuncher account accelerated at the rate to which

the parties initially agreed.  The sole issue in this case is whether any of Holmes'

---

[54]    *Richburg v. Baughman*, 351 S.E.2d 164, 166 (S.C. 1986).

[55]    *See* Defendant's Statement of Disputed Facts Pursuant to Rule 56.1 ¶
9.

14

defenses preclude ORIX's recovery.

**B.    Holmes' Defense of Fraudulent Inducement**

Holmes argues that he has no obligations under the Agreement
because he was fraudulently induced to enter into the financing agreement.  He
claims that Van Lott misrepresented the manufacture and age of the fellerbuncher
at the time of purchase.  Holmes brought suit against Van Lott in South Carolina
and fully litigated this issue in that forum.  The South Carolina court held that
Holmes was not entitled to any relief since, "[t]aken in the light most favorable to"
Holmes, the court found "no representation by Van Lott, Inc. as to the year or
manufacture of the machine."[56]  As a result, Holmes' allegations of fraud were
insufficient as a matter of law.  Because this issue was the dispositive ground for
the court's decision,[57] and because Holmes was able to fully litigate it in the South
Carolina court,[58] he is collaterally estopped from claiming that Van Lott's alleged
fraudulent misrepresentations permit him to avoid his obligations under the
Agreement.  Holmes does not allege that ORIX misrepresented the terms of the
Agreement in any way.

---

[56]    *See* Order Granting Summary Judgment at 5.

[57]    *See id.*

[58]    *See* Order Denying Holmes' Motion for Reconsideration.

15

## C.   Holmes' Motion to Amend

Under Rule 15(a), "leave to amend shall be freely granted when justice so requires."[59] However, the decision whether to grant leave to amend rests within the sound discretion of the district court.[60] The Second Circuit has held that "futility" provides a solid ground on which to deny leave to amend.[61]

Allowing Holmes to amend his complaint to plead that ORIX was contractually bound to abstain from suit at the time it filed would be futile. The letter by which Orix allegedly promised not to sue until the end of Holmes' South Carolina suit is plainly inadequate to support Holmes' claim. The line containing the alleged promise is cryptic, unrelated to the overall document, and is not an unequivocal promise. Even if the letter was taken as a contract, the ambiguity in the terms of the alleged promise would lead me to conclude that either the letter contained an implied promise on behalf of Holmes to waive the statute of limitations defense or that ORIX was free to press suit after the judgment in the

---

[59]      Fed. R. Civ. P. 15(a).

[60]      *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

[61]      *See Marchi v. Board of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

South Carolina action.  Finally, the letter was superceded by the second extension

agreement, which does not mention any of the terms of the letter and specifically

reserves ORIX's right to bring suit upon Holmes' default.[62]  The second extension

agreement's merger clause destroys any value the letter might have had.[63]

Accordingly, I decline to allow Holmes to amend his answer.

### D.    Statute of Limitations

ORIX's claim is not time-barred because the Agreement is not solely

for the sale of goods.  The parties to the Agreement intended it to primarily

function as a finance agreement.  Holmes' reliance on the New York Supreme

Court's decision in *ORIX Financial Services, Inc. v. Hoxit* is misplaced.[64]  In

*Hoxit*, the court found that the Conditional Sale Contract Note did not explicitly

acknowledge an impending assignment to OCAI.[65]  Rather, the contract gave the

buyer the option to purchase the excavator without financing.[66]  By contrast, the

---

[62]      *See* Modification of Conditional Sale Contract Note, Ex. E to
Plaintiff's Amended Complaint ("Complaint").

[63]      *See id.*

[64]      *ORIX Fin. Servs. Inc. v. Hoxit*, 2006 Lexis 2367 (Sup. Ct. N.Y. Co.
Aug. 1, 2006).

[65]      *See id.* at *4.

[66]      *See id.*

17

Agreement here specifically provides that "buyer . . . agrees and promises to pay to the order of Seller or any assignee or endorsee . . . hereof at the office of ORIX Credit Alliance, Inc." the money due on the Agreement.[67]  The remainder of the contract carefully articulates the rights and obligations between the Buyer and the Holder.[68]  Thus, although the contract does acknowledge the sale of the fellerbuncher, it was primarily intended to bind Holmes to his financial agreement with ORIX.  As a result the six-year statute of limitations applies, and the suit is timely.

### E.    Damages

ORIX is entitled to the damages to which the parties stipulated in the Agreement.  Holmes made his last payment on January 8, 2003.[69]  The remaining balance is $177,937.89.[70]  As per the terms of the Agreement, this balance is to be accelerated at a rate of one-fifteenth of one-percent per diem.[71]

## V.    CONCLUSION

---

[67]    Conditional Sale Contract Note, Ex. A to Complaint.

[68]    *See id.*

[69]    *See* Payment History.

[70]    *See id.*

[71]    *See* Conditional Sale Contract Note.

18

For the reasons set forth above, ORIX's motion for summary

judgment is granted.  The Clerk is directed to close this motion [Docket # 33] and

this case.  ORIX is directed to promptly submit a proposed judgment.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.


Dated:      New York, New York
            October 26, 2007

19

## - Appearances -

**For Plaintiff:**

Lewis M. Smoley, Esq.
DAVIDOFF, MALITO & HUTCHER, LLP
605 Third Avenue, 34th Floor
New York, New York 11507
Telephone: (212) 557-7200


**For Defendant:**

Ronald R. Benjamin, Esq.
LAW OFFICES OF RONALD R. BENJAMIN
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
Telephone: (607) 772-1442